UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONN NOVELL TAYLOR,<br>    Plaintiff,<br>        v.<br>SAN FRANCISCO COUNTY JAIL,<br>    Defendant. | Case No. 18-cv-04857-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he is living in unsanitary conditions at the county jail.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id.* at 1068. Under the Fourteenth Amendment, a pretrial detainee plaintiff also must show that the challenged prison condition amounts to punishment because it is not "reasonably related to a legitimate governmental objective." *Byrd v. Maricopa Cty. Board of Supervisors*, 845 F.3d 919, 924 (9th Cir.

2017) (quoting *Bell*, 441 U.S. at 539).[1] If the particular restriction or condition is reasonably related, without more, it does not amount to punishment. *Bell*, 441 U.S. at 538-39; *but cf. Shorter v. Baca*, No. 16-56051, slip op. at 25 (9th Cir. Jul. 16, 2018) (holding jail officials not entitled to deference where they offered no reason for keeping mentally ill inmates shackled and unclothed, without food, water, or access to a toilet for hours at a time).

Plaintiff states that his housing unit has faulty plumbing pipes which cause the toilets to overflow. However, plaintiff has not identified any specific defendant and how they are responsible for the living conditions. Nor has plaintiff described if he has requested that the conditions be repaired and what occurred. It is also not clear if plaintiff is a pretrial detainee or a convicted prisoner. Finally, plaintiff states that his inmate appeal is currently pending with the Sheriff's department. The Prison Litigation Reform Act, amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The complaint is dismissed with leave to amend to provide more allegations to state a constitutional deprivation. Plaintiff must identify if he is a convicted prisoner or a pretrial detainee and he must provide more information in support of his claim and identify the appropriate defendants. Plaintiff must also describe if he has fully exhausted this claim.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **October 22, 2018**, and must include the caption and civil case number used in this order and the

---

[1] Under the Eighth Amendment, a convicted prisoner must show that the challenged prison condition is serious enough to constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

3

words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint may result in dismissal of this case.

    2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 21, 2018

PHYLLIS J. HAMILTON
United States District Judge

4

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DIONN NOVELL TAYLOR,<br>　　　　Plaintiff,<br>　　v.<br>SAN FRANCISCO COUNTY JAIL,<br>　　　　Defendant. | Case No. 18-cv-04857-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dionn Novell Taylor ID: 18660214
850 Bryant Street
San Francisco, CA 94103


Dated: September 21, 2018

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By: *Kelly Collins*
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON